### THE CHICAGO CITY RAILWAY COMPANY

*v.*

### FREDERICK H. HACKENDAHL, Admr.

*Opinion filed December 20, 1900.*

1. PLEADING—*when declaration alleges that deceased left next of kin.* A declaration in an action for causing the death of plaintiff's intestate which states that as the father and next of kin of deceased the plaintiff has suffered great injury, etc., and that therefore he brings his suit, alleges, although in an imperfect manner, that the deceased left next of kin and that the suit was brought for the benefit of the same.

2. LIMITATIONS—*statute does not apply to matters of mere pleading.* The Statute of Limitations, requiring a suit for personal injury to be brought within two years, does not apply to matters of mere pleading, and should not be given that effect indirectly by holding that an imperfect statement of a cause of action is no statement of it at all.

*Chicago City Railway Co.* v. *Hackendahl,* 88 Ill. App. 37, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. HENRY B. WILLIS, Judge, presiding.

WILLIAM J. HYNES, and W. J. FERRY, (MASON B. STARRING, of counsel,) for appellant.

JOHN F. WATERS, and CHARLES H. PEGLER, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court affirming a judgment of the circuit court of Cook county, recovered by the appellee, against the appellant, for causing, by its negligence, the death of appellee's intestate, Robert J. Hackendahl. The deceased, who was a child eight years of age, was on his way to school, and having proceeded north on the sidewalk on the west side of Auburn avenue to its junction with Thirty-first street, in the city of Chicago, was in the act of crossing appellant's street railway tracks on Thirty-first street when he was struck and killed by one of appellant's cars then running on said tracks.

The facts constituting appellant's negligence, and due care on the part of the deceased, have been finally and conclusively settled by the judgment of the Appellate Court. But it is assigned for error that the trial court sustained the plaintiff's demurrer to the defendant's plea of the Statute of Limitations to the amended declaration.

The accident happened on February 28, 1895, and the declaration on the suit which was brought in April was filed on June 10, 1895. After stating, in the main, the cause of action, each count concluded as follows: "And plaintiff avers that as the father and next of kin of the said Robert J. Hackendahl, and as administrator of the effects and chattels of the said Robert J. Hackendahl, by

means of the premises was forced to pay out and become liable for the payment of the sum of $1000 in and about a proper burial of the said Robert J. Hackendahl, and that, as the father and next of kin of the said Robert J. Hackendahl, he has, by reason of the premises, sustained and suffered great loss, injury and damage, to-wit, the sum of $5000. Wherefore, and in accordance with the statute in such cases made and provided, a cause of action has accrued to the plaintiff, as administrator, for the exclusive benefit of the plaintiff and heirs of said Robert J. Hackendahl, to demand for, of and from the said defendant," etc., "and therefore he brings his suit." Issue was taken, but afterwards, on October 5, 1898,— more than two years after the cause of action accrued,— the plaintiff, by leave of court, filed his amended declaration, which was substantially the same as the first, except that in place of the part above set out the following was inserted: "And the plaintiff avers that the said Robert J. Hackendahl left him surviving his father, Fred H. Hackendahl, his mother, Bertha Hackendahl, his sisters, Helen and Annie Hackendahl, and his brother, Fred Hackendahl, Jr., and Harry Hackendahl, his next of kin, all of whom are still living except the said Harry Hackendahl, who is now dead; and by reason of the death of the said Robert J. Hackendahl the said Fred H. Hackendahl and Bertha Hackendahl have been deprived of their means of support, and the said Helen, Annie and Fred Hackendahl, Jr., have been deprived of their means of support and education, to the damage of the plaintiff, as administrator aforesaid, in the sum of $5000."

The defendant pleaded not guilty and the Statute of Limitations of two years, to which latter plea the plaintiff demurred. The court sustained the demurrer and the defendant stood by its plea. Upon a trial, verdict and judgment for plaintiff were rendered.

The contention of appellant is that the amended declaration stated a new cause of action, which was barred

by the statute, and that the plea was good. The statute provides that such action shall be brought in the name of the personal representatives of the deceased, and that the amount recovered shall be for the exclusive benefit of the widow and next of kin, and shall be distributed to them in the proportion that personal property of persons dying intestate is distributed, and that "the jury may give such damages as they shall deem a fair and just compensation, with reference to the pecuniary injuries resulting from such death to the wife and next of kin of such deceased person, not exceeding the sum of $5000: *Provided,* that every such action shall be commenced within two years after the death of such person." (Rev. Stat. 1874, p. 582.) The point urged is, that there was no allegation in the declaration that there was a widow or next of kin, and that without it there could be no recovery, inasmuch as the suit is for their exclusive benefit, and that therefore the original declaration stated no cause of action, and that the one stated in the amended declaration, being stated then for the first time, was barred.

It being unnecessary to the decision of this case, we shall not consider the question whether, had there been no reference to any next of kin in the original declaration, the cause of action would have been stated for the first time in the amended declaration. But we agree with the Appellate Court that the original declaration did allege, though in an imperfect manner, that the deceased left next of kin surviving him and that the suit was brought for the benefit of such next of kin. It cannot be said that because the cause of action was defectively stated it was not stated at all, and that the amended declaration, filed after the lapse of two years, stated the cause of action for the first time.

Appellant's counsel say that it is an elementary rule of pleading that facts must be pleaded in a positive form, and not by way of recital. This is a good rule of pleading, and is often applied when the pleading is tested

by demurrer, but it does not go to the question here involved,—that is, whether there was any cause of action alleged.   It has never been held by this court that a restatement, in a more perfect manner, of a cause of action in an amended declaration can be regarded as the beginning of the suit on such cause of action.   As a general rule, the very purpose of an amended declaration is to state in a more accurate and legal manner than it had been previously stated the cause of action for which the suit was brought, and if the rule contended for by appellant were adopted no declaration could be amended in any substantial respect after the time limited by the statute for bringing the suit had run.   The Statute of Limitations does not apply to matters of mere pleading, and it should not be given that effect indirectly, by holding that an imperfect statement of a cause of action is no statement of it.   In *Eylenfeldt* v. *Illinois Steel Co.* 165 Ill. 185, no cause of action whatever was stated in the original declaration, and it was held that the statute was properly pleaded to the amended declaration, which set up a good cause of action after the statute had run. If the cause of action, whether perfectly or imperfectly stated in the original declaration, had been abandoned and a new cause of action had been stated in the amended declaration in this case, the plea would have been good; or if not abandoned, the plea would have been good as to any new cause set up after the running of the statute. (*Phelps* v. *Illinois Central Railroad Co.* 94 Ill. 548.)   There was no error in sustaining the demurrer to the plea.

No error is shown to have been committed in the admission or exclusion of evidence or in the giving or refusing of instructions.

The judgment of the Appellate Court is correct, and it will be affirmed.                   *Judgment affirmed.*