THE NORTH CHICAGO STREET RAILROAD COMPANY

*v.*

JOSEPH AUFMANN.

*Opinion filed June 14, 1906.*

1. LIMITATIONS—*Statute of Limitations does not apply to matters of pleading.* The Statute of Limitations requiring a suit for personal injury to be brought within two years does not apply to matters of pleading, and should not be given that effect indirectly by holding that an imperfect statement of a cause of action is no statement at all.

2. SAME—*when an original declaration may be considered.* An original declaration of one count charging want of sufficient help and negligence and incompetency of other servants states a good cause of action in a defective manner, and may be considered in determining whether additional counts filed more than two years after the injury state the same cause of action, even though a demurrer was sustained to the original declaration, and the amended

declaration, which was filed within two years from the injury, omitted the allegation as to insufficient help.

3. MASTER AND SERVANT—*rule as to assumption of risk when a servant acts under orders.* A servant performing dangerous work under the master's orders or under his promise to furnish him additional help does not assume the risk of injury incident to the work, unless the danger is so imminent that no man of ordinary prudence would engage in the work.

4. INSTRUCTIONS—*giving correct abstract instruction is not error if it has some basis in evidence.* Giving an instruction stating a correct abstract rule of law is not error if there is some evidence in the record upon which it might be based.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding.

This is an action on the case in the circuit court of Cook county by appellee, Joseph Aufmann, against the North Chicago Street Railroad Company, appellant, to recover for personal injuries.

The accident upon which the action was founded happened on December 23, 1896, between seven and eight o'clock P. M., at appellant's cable barn at the south-west corner of Wrightwood and Sheffield avenues, in the city of Chicago. Sheffield avenue extends north and south on the east side of the barn and Wrightwood avenue extends east and west on the north side. Lincoln avenue comes in at the intersection of these two streets, near the north-east corner of the barn. The Lincoln avenue cable cars of appellant enter the barn at the north-west corner, pass along near the west side towards the south, then turn to the east, cross the barn and go northward along the east side to the north-east corner, where they pass out into the street. The track upon which the trains make the trips through the barn is called the "loop." There are a number of storage tracks in the barn extending the whole length of it. During the hours of the day

when traffic was slack the cable trains would enter the barn and be broken up and the cars placed upon the various storage tracks until they were again ready for use. At the south side of the barn was a transfer track with a platform or table. Cars were pushed on this platform or table from the various storage tracks and the platform moved east or west to some other storage track on which the cars were to be placed. Between the storage tracks, every sixteen feet, were posts twelve inches square. At the time of the accident the appellee was a member of the barn crew which had in charge the making up and breaking up of trains and the transfer of cars from one storage track to another. On this occasion he was bringing a car from the transfer table north upon the third storage track from the east, with the intention of depositing it within the space inside the loop, and in order to accomplish this it was necessary to cross the loop tracks. A train came around the loop and he was caught between the car which he was moving and one of those in the train and received the injury for which he sues. Upon a trial before the court and a jury, judgment was rendered in his favor for $1500, which has been affirmed by the Appellate Court.

John A. Rose, and Albert M. Cross, (W. W. Gurley, of counsel,) for appellant.

David K. Tone, and H. M. Ashton, for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

It is first insisted by appellant as a ground of reversal that the court committed error in sustaining appellee's demurrer to its plea of the Statute of Limitations.

The accident happened on December 23, 1896. This suit was begun on April 22, 1898. The original declaration, of one count, was filed on May 7, 1898, and charged that the defendant was the owner of a certain barn, known as the Lincoln avenue car barn; that said barn was supplied with

switches, turn-tables and appliances for turning about, re-
versing and removing cars from the main line; that a cer-
tain car was moving along the main line of the defendant in
said barn and that the plaintiff was switching another car
from said main track, and the first mentioned car collided
with the car which he was switching, striking the rear end of
the same and injuring him while he was in the act of apply-
ing the brake to the car.  The negligence charged was, that
defendant failed to furnish plaintiff sufficient assistance to
enable him to properly perform his duties, and that the grip-
man in charge of the cable train was incompetent to perform
his duties, and negligently propelled and ran the cable car
against the plaintiff while the plaintiff was in the exercise of
ordinary care.  A demurrer was sustained to this declara-
tion, and on June 22, 1898, within two years after the acci-
dent, plaintiff filed an amended declaration of one count,
alleging that he was in defendant's employ as a groom, and
while handling the car in question, and while in the exercise
of ordinary care, the defendant, through its servants, negli-
gently and carelessly ran another cable train upon and into
the car upon which he was, thereby injuring him.  To this
amended count the defendant pleaded the general issue.

On January 17, 1901, more than two years after the al-
leged injury, the plaintiff filed two additional counts, the
first charging that the defendant negligently ordered certain
men whose duty it was to handle the horse used in switch-
ing the cars, to leave this regular employment and to work
upon the snow sweeper; that it was highly dangerous for
one person to handle said cars and switch them without as-
sistance; that plaintiff kept on switching said cars and act-
ing under the immediate direction of said defendant without
any person to assist him, and that by reason of such negli-
gence to supply sufficient assistance in managing the cars,
plaintiff was unable to stop the car upon which he was work-
ing in time to avoid the injury.  The second additional
count charged that the defendant caused the plaintiff to re-

main and continue in said employment, promising that it would within a reasonable time supply him with additional assistance or help in starting the cars, and that, acting under the immediate direction of said defendant, and without any person to assist in switching the cars, plaintiff, while in the exercise of ordinary care, was injured by reason of said negligence.

On February 5, 1901, plaintiff filed two other additional counts, the first of which alleged that he complained and notified the defendant that he was not supplied with any help or assistance in switching cars over said loop, and that the switching of said cars without help was highly dangerous; that it promised to furnish additional assistance within a reasonable time, and plaintiff, relying upon said promise, continued to operate said cars and was injured. The second additional count is substantially like the preceding one.

To these additional counts of January 17 and February 5 the defendant filed a plea of the Statute of Limitations, to which plaintiff demurred, and the demurrer was sustained. The sustaining of this demurrer is assigned as error.

It seems to be conceded by both parties that if the additional counts are simply a re-statement of the cause of action alleged in the declaration, or some amendment thereto filed within two years after the date of the accident, the demurrer to the plea of the Statute of Limitations was properly sustained. But it is insisted by appellant that whether any of the additional counts are simply a re-statement of the cause of action alleged in the declaration filed within two years, or whether all of such counts state an entirely new cause of action, must be determined by a comparison of the additional counts with the amended declaration filed June 22, 1898; that they cannot be compared with the original declaration of May 7, 1898, for the reason that a demurrer was sustained to that declaration, and is not, as is said, now in the case, and is not a sufficient basis for the additional counts; also, that the amended declaration of June 22, 1898, did not

state a cause of action and was fatally defective on motion in arrest of judgment, and therefore it cannot be the basis of additional counts. In determining this last question there must be a distinction made between a defective cause of action and the statement of a cause of action in a defective manner. If it is a wholly defective cause of action it cannot be made a sufficient basis for additional counts filed after the expiration of two years; but if the original declaration, and the amendments thereto, were merely the statement of a cause of action in a defective manner, they would be a sufficient basis for such additional counts.

The original declaration in the present case alleged two separate and distinct causes of the injury,—one, the want of sufficient assistance, and the other, the negligence and incompetency of the servant in charge of the cable train. The demurrer was probably sustained on the grounds of duplicity. Either of the charges of negligence, if properly alleged and proven, might constitute a good cause of action, and a good cause of action was therefore stated, but in a defective or objectionable manner.

The amended declaration filed on June 22 alleged the incompetency or negligence of those in charge of the cable train, and it is insisted by appellant that the recovery was not upon that ground, but for failing to furnish sufficient help, and therefore the additional counts filed after the expiration of two years were barred unless the original declaration could be made the basis for filing them. We are of the opinion that the allegation of the original declaration as to the failure of appellant to furnish necessary help was a sufficient basis for the allegations of the additional counts. The Statute of Limitations requiring a suit for a personal injury to be brought within two years does not apply to matters of pleading, and should not be given that effect indirectly by holding that an imperfect statement of a cause of action is no statement at all. In the case of *Chicago City Railway Co.* v. *Hackendahl,* 188 Ill. 300, we said (p. 304) : "It has

never been held by this court that a re-statement, in a more perfect manner, of a cause of action in an amended declaration can be regarded as the beginning of the suit on such cause of action. As a general rule, the very purpose of an amended declaration is to state in a more accurate and legal manner than it had been previously stated, the cause of action for which the suit was brought, and if the rule contended for by appellant were adopted no declaration could be amended in any substantial respect after the time limited by the statute for bringing the suit had run. The Statute of Limitations does not apply to matters of mere pleading, and it should not be given that effect indirectly by holding that an imperfect statement of a cause of action is no statement of it. In *Eylenfeldt* v. *Illinois Steel Co.* 165 Ill. 185, no cause of action whatever was stated in the original declaration, and it was held that the statute was properly pleaded to the amended declaration, which set up a good cause of action after the statute had run. If the cause of action, whether perfectly or imperfectly stated in the original declaration, had been abandoned and a new cause of action had been stated in the amended declaration in this case the plea would have been good; or if not abandoned, the plea would have been good as to any new cause set up after the running of the statute. (*Phelps* v. *Illinois Central Railroad Co.* 94 Ill. 548.) There was no error in sustaining the demurrer to the plea." And so here, if the additional counts filed after the expiration of the two years had stated some other causes of negligence than those charged in the original declaration or the amended declaration then there would be force in appellant's contention, but as the original declaration and all additional counts charged either the negligent operation of the cars or the want of sufficient help as the cause of the accident, we are of the opinion that the court did not err in sustaining the demurrer to the plea.

Complaint is made of the fourth instruction given on behalf of the plaintiff, to the effect that where a master confers

authority upon one of his employees to take charge and control of a certain class of workmen, such employee, in governing and directing the movements of the men under his charge, is the direct representative of the master, and not a fellow-servant, and his orders and directions, within the scope of his authority, are the commands of his master. It is insisted that this is but the statement of an abstract proposition of law not applicable to the facts of the case, and was calculated to mislead the jury. The evidence offered upon the trial refutes this contention. Appellee testified that one Jim Cross was in charge of the barns at the time of the accident, as the representative of the appellant, and that he (appellee) made complaint of the insufficiency of the help in moving the cars, and was instructed to go ahead and do it, and that the foreman would send him some help soon and look out for him. . This was at least some evidence upon which to base the instruction, and it was not error to give it.

Complaint is also made of the giving of the fifth instruction on behalf of appellee, which is to the effect that if the jury have fairly and impartially considered the ·evidence, facts and circumstances in the case, and believe, from a preponderance thereof, that the plaintiff had proven his case as laid in the declaration or any count thereof, they should find the defendant guilty. It is insisted that no count in the declaration avers that the plaintiff did not know, or in the exercise of ordinary care could not have known, of the risk which caused the accident,—in other words, that he did not negative the assumption of risk. It is also insisted that the instruction is in conflict with the decision of this court in *Illinois Terra Cotta Lumber Co.* v. *Hanley,* 214 Ill. 243. But the facts in that case are unlike the facts in the present case. In the case at bar the allegation of the declaration is, that while appellee was engaged in switching cars over said loop and acting under the immediate direction of said defendant, etc., "said defendant carelessly and negligently ordered the plaintiff to switch said cars over said loop to their place of

destination without the assistance of said servant or without any help or assistance." We have held that where a servant is acting under the orders of the master in the performance of dangerous work, or is doing dangerous work under promise on the part of the master to furnish him a safe place or a sufficient number of servants, the servant is relieved from the assumption of risks incident to the work he is doing, and is only precluded from recovering, under the above circumstances, where the danger is so imminent that no man of ordinary prudence would engage in the work. (*Chicago and Eastern Illinois Railroad Co.* v. *Heerey,* 203 Ill. 492; *Henrietta Coal Co.* v. *Campbell,* 211 id. 216.) In this respect the case at bar materially differs from the *Illinois Terra Cotta Lumber Co. case.* There was no error in giving the instruction.

Complaint is next made that the verdict is not supported by the evidence. As is well known, we have nothing to do with the weight of the evidence, as that is conclusively determined by the finding of the Appellate Court, which in this case is against the contention of appellant. At the close of all the evidence appellant requested the court to instruct the jury to find it not guilty, which motion was overruled. The ruling of the court upon that motion would only raise the question of law whether there was any evidence in the record fairly tending to support the allegations of the declaration, which would be the only point we could consider. That question is not urged, and could not reasonably be in the light of the testimony in this record. There is certainly some evidence fairly tending to support the verdict.

We find no reversible error, and the judgment will be affirmed.                                      *Judgment affirmed.*