## E. Emil Englund, Administrator, Appellee, v. Mississippi Valley Traction Company et al., Appellants.

### Gen. No. 4,950.

1. STATUTE OF LIMITATIONS—*when declaration does not state new cause of action.* In an action for death caused by alleged wrongful act, an amended declaration does not state a new cause of action where it adds the name of a next of kin not contained in the original declaration, which, however, averred that the deceased left next of kin.

2. FRANCHISE—*when does not require equipment of cars with fenders.* A franchise ordinance in part set forth in this opinion is construed and held not to require a traction company to equip its cars with fenders.

3. INSTRUCTIONS—*upon negligence in failing to use fenders approved.* An instruction is approved which told the jury in substance, that if they believed from the evidence that it was negligence for the defendant to run its cars without fenders or lifeguards and that a child was killed because of such negligence and that the parents and custodians of such child were not guilty of negligence in permitting it to be in the street at the time it was killed and that the child left surviving next of kin, as alleged, then the jury should find the defendant guilty.

4. INSTRUCTIONS—*when upon exercise of care by parents misleading.* An instruction is misleading which gives the jury to understand that the parents of the child which has been killed could ignore the street car company in permitting such child, which was less than two years of age, to play upon the streets.

5. ARGUMENTS OF COUNSEL—*when ground for reversal.* An argument which is an appeal to sympathy, passion and prejudice is ground for reversal.

6. ARGUMENTS OF COUNSEL—*power of court to control.* It is not only within the power of the court to control the arguments of counsel and keep them within due bounds, but it is the duty of the court so to do.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Rock Island County; the Hon. WIL-

LIAM H. GEST, Judge, presiding. Heard in this court at the October term, 1907. Reversed and remanded. Opinion filed March 11, 1908.

**Statement by the Court.** Maurice Englund, a child under two years of age, was on June 27, 1905, killed by being struck by an electric car operated by the Mississippi Valley Traction Company over the tracks of the Moline, East Moline and Watertown Railway Company, interurban electric railways, on Fourth avenue about midway between Twenty-fourth and Twenty-fifth streets in the city of Moline. E. Emil Englund, as administrator of his deceased child, brought this suit against both railways for the benefit of the next of kin. The suit was tried on four counts of the declaration, which allege negligence of the defendants, in that the car was run at a dangerous rate of speed in a thickly settled portion of the city; that the car was not equipped with fenders; that an ordinance of the city provided that cars may be run at a maximum rate of speed not exceeding ten miles an hour, but that said car was run at a greater rate of speed; that under said ordinance the car was required to be "of such style and class as are used on the best approved railways in the United States," that cars on the best approved railroads in the United States are equipped with fenders, and that the car that killed the deceased was not equipped with a fender. Each count alleges that Maurice Englund was of the age of two years, and was in the exercise of due care for one of his tender years, and that the parents and custodians of the deceased were in the exercise of due care with reference to his custody and his being upon the street. Each count averred that the deceased left surviving him E. Emil Englund, his father, Augusta E. Englund, his mother, Lauritz Englund, his brother, and Myrtle Englund and Elsie Englund, his sisters, as next of kin. On February 21, 1907, upon the trial, by leave of court, each count was amended by adding to the next of kin, "that at the time of the death of said intestate his mother was pregnant with a child which was born July 19, 1905, that is now living, named Arvid Englund." A demurrer, raising the question that the amended declaration contained the name

of Arvid Englund was not filed within the time limited by the statute for the bringing of such an action, was filed and overruled to each count as amended. Pleas of the general issue and of the Statute of Limitations were filed to the amended declaration. A demurrer was sustained to the plea of the Statute of Limitations. The plaintiff recovered a verdict and a judgment for $2,750 from which the defendants prosecute this appeal.

SEARLE & MARSHALL and CYRUS E. DIETZ, for appellants.

J. T. and S. R. KENWORTHY and J. B. & J. L. OAKLEAF, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

It is insisted that the amendment to the declaration by inserting among the names of the next of kin the name of Arvid Englund set up a new cause of action, and that the court erred in sustaining the demurrer of appellee to appellant's plea that "the said alleged cause of action set forth in said second amended declaration as amended and each count thereof is other and different from the cause of action set forth in the original declaration, and other and different from the cause of action set forth in the first amended declaration herein, and that said alleged cause of action in said second amended declaration as amended set forth did not accrue to the plaintiff as said administrator for the use and benefit of said Arvie Englund within one year next prior to the filing thereof." Each count of the declaration alleged that the deceased left surviving him "E. Emil Englund, his father, * * * his next of kin who have sustained damage by the death of said Maurice F. Englund." The amendment made more than a year after the accident inserted the name of Arvid Englund, the brother born after the death of Maurice F. Englund among the names of the next of kin.

Each count of the declaration as amended within one year of the accident stated a good cause of action against the

defendants. The cause of action was in the administrator
for the exclusive use of the next of kin. The declaration
alleged that the deceased left surviving him next of kin
and named some of them, but the name of Arvid was omitted
from the list. If a cause of action had not been stated,
then the plea of the statute would have been good. If the
declaration had failed to state that the deceased left surviving
next of kin, a cause of action would not have been stated,
because the action is based on the statute, such an action
being unknown to the common law. This act was passed in
1853 in substantially the same language that it now remains
in the statute; and the question of the proper pleading of
an action thereunder has been repeatedly before the courts,
commencing with the City of Chicago v. Major, 18 Ill., 349.
It has never been held in this State that, if the original
declaration within the time mentioned for bringing the ac-
tion, stated that the deceased left next of kin surviving, it
could not be amended after the time had expired by insert-
ing the names of the next of kin. If, however, it did not state
that the deceased left next of kin surviving then a cause of
action was not stated, and such a declaration could not be
amended to avoid the effect of the lapse of the statutory time
given for bringing an action. Chicago & R. I. R. R. Co. v.
Morris, 26 Ill., 400; Foster v. St. Luke's Hospital, 191 Ill.,
95. In Quincy Coal Co. v. Hood, 77 Ill., 68, the declara-
tion only alleged that the deceased left plaintiff, his father,
surviving; the proof showed that there also survived a mother
and five brothers and sisters.; the case was reversed with di-
rections for the plaintiff to have leave to amend the declara-
tion. In Chicago City Ry. Co. v. Hackendahl, 188 Ill., 300,
the only averment in the declaration in the question in is-
sue was "and the plaintiff avers that as the father and next
of kin of said Robert Hackendahl and as administrator, etc.,
*  *  *  a cause of action had accrued to the plaintiff and
heirs of said Robert Hackendahl," etc. More than two
years after the cause of action accrued the declaration was
amended by inserting the names of the mother, brother and
sisters. Pleas of not guilty and of the two years' Statute

of Limitations were filed, and to the latter plea the plaintiff demurred. The court sustained the demurrer and the defendant stood by its plea. The Supreme Court there said: "The original declaration did allege, though in an imperfect manner, that the deceased left next of kin surviving him and that the suit was brought for the benefit of such next of kin. It cannot be said that because the cause of action was defectively stated it was not stated at all, and that the amended declaration, filed after the lapse of two years, stated the cause of action for the first time." The action of the Circuit Court was upheld. Amendments of like effect were held not to be pleading a new cause of action in Grace & Hyde Co. v. Strong, 224 Ill., 630, and in North Chicago St. R. R. Co. v. Aufmann, 221 Ill., 614. The demurrer was properly sustained to the plea of the Statute of Limitations.

It is insisted by the appellants that the trial court improperly admitted in evidence on the part of appellee, the following resolution of the city of Moline: "Alderman Gustafson moved that the Mississippi Valley Traction Company be notified to equip all the street cars with proper fenders, the equipment to be complete within sixty days from date. Carried," and that the court improperly refused to admit in evidence a resolution thereafter passed suspending the foregoing resolution, and proof of certain negotiations pending between the city and appellants during the time of such suspension. An ordinance of a city can only be passed by the affirmative vote of a majority of the aldermen elect. A resolution may be passed by a majority of the aldermen present. The resolution of the city council was not proper evidence, for the reason that an ordinance cannot be suspended or modified by anything except an ordinance. Galt v. City of Chicago, 174 Ill., 605. A city can only legislate by the passage of ordinances in the manner provided by law. The negotiations between the city and appellants with reference to widening the street were not competent evidence in a suit to which the city was not a party. People v. Mount, Mayor, 186 Ill., 560; Elgin, Aurora & Southern Traction

Co. v. Hench, 132 Ill. App., 535. The objection to the reso-
lution offered in evidence by appellee should have been sus-
tained, but there was no error in sustaining the objection to
the resolution and the record of the negotiations offered in
evidence by appellants.

The contention of appellee is that section 5 of the or-
dinance granting a license to appellants to maintain and
operate a street railway on certain streets of the city re-
quires that the cars of appellants shall be equipped with
fenders. The section is as follows: "Section 5. The cars
used upon said railway shall be new and of such style and
class as are used upon the best approved street railways in
the United States, and gates and guards shall be placed
upon the front platform of all motor cars, so as to prevent
passengers from using the same in getting on or off said
car. Said motors and cars may be run at a maximum rate
of speed not exceeding ten (10) miles per hour in said city."
There is nothing in the ordinance containing any reference to
fenders. The ordinance did not add anything to the recog-
nized duty of a street railway in equipping its cars with
appliances for the safety of pedestrians. "A street railway
company is under a duty to use reasonable care to see that
its cars are in proper condition, so that they may be operated
without undue damage to the public and to equip its cars
with such safety appliances as men of average prudence
would use under the circumstances." 27 Am. & Eng. Encyc.
of Law (2d ed.), 61.

Appellants contend that the first, third and fourth in-
structions given for appellee were erroneous. The first in-
struction stated that if the jury believe from the evidence that
it was negligence for appellants to run its car without fend-
ers or life guards, and that the child was killed because of
such negligence, and that the parents and custodians of said
child were not guilty of negligence in permitting the child
to be in the street at the time it was killed, and that the
child left surviving next of kin as alleged, then the jury
should find the defendants guilty. This instruction is an
accurate statement of the law. The third instruction was

37

an abstract proposition of law and should have been refused. The fourth instruction stated the law to be that the deceased "had an equal right to the use of the avenue that defendants had," and "the parents of the deceased had the right to allow him to play in the street, subject to the duty resting on them to use such care for his personal safety as an ordinary prudent person would use." The instruction is misleading in that it gave the jury to understand that the parents could ignore the street car company in permitting this child less than two years of age to play upon the street. The rights of a street car company and the general traveling public cannot be ignored and practically destroyed by making a street car track a playground for children of the age of the deceased. The only question to be tried by the jury was, were the parents in the exercise of reasonable care for the safety of the child, and was the child killed by the negligence of appellants. North Chicago Electric Ry. Co. v. Peuser, 190 Ill., 67; Chicago Union Traction Co. v. Jacobson, 217 Ill., 404. It was a question for the jury whether the fact of permitting a child of that age to play in a street with a street car track on it was not negligence, and the instruction told the jury the parents had the right to let it play in such a street. There is a difference between a case where a child of such tender years is injured and sues in its own name, where it cannot be charged with negligence, and a case where the suit is for the benefit of the next of kin who have a duty to care for it, and may be charged with negligence. 7 Ill. Cyc. Dig., 609, and cases cited.

It is also assigned for error that the verdict is excessive, and that counsel for appellee in his closing argument made improper and inflammatory remarks to the jury. The following is a part of the closing address: "Have you got any heart in you? Have you got any blood in you? Are any of you fathers? Don't your hearts leap and the blood come to your cheeks with indignation when you hear these two railroad companies, from the mouth of their counsel, charge these parents with being the cause of the death of this child? * * * I say it is cruel, cruel! If you have got any

blood, if you have got any feeling, or any other man within the sound of my voice has got any feeling, his blood will rise in indignation against such a charge.   *   *   *   You have the same right in this street as the railroad companies. *   *   *   What occasion was there to harrow up her feelings ?   What occasion was there to wring her heart and assert that she was the cause of the death of her child ? *   *   *   It does not become this corporation.   *   *   * The day has not come in this country when we have surrendered the exclusive use of the public highways to the railroad companies.   *   *   *   If it is, why, we had better not have any children," etc.

Counsel for appellants repeatedly objected to the language used by counsel for appellee, and the court upon one objection being made remarked to counsel to proceed with the argument, and in response to another objection said that the court could not control the language used, and at another, "I would proceed with a discussion of the evidence."   Exceptions were noted to the rulings or refusal to rule of the court.   Counsel for appellee continuing, stated to the jury that such objections were one of the tricks of the trade. Counsel for appellee say in reply to this assignment of error that the record does not contain objectionable remarks made by counsel for appellants.   We must pass on the record as we find it.   The language in the record is improper, inflammatory and calculated to inflame the passions and prejudice of the jury.   It is not an appeal to the reason and unbiased judgment of the jury sitting as a tribunal to consider the evidence and do justice between the parties, but a demand for an indignant and sympathetic vindication in damages, for the injured feelings and sufferings of the bereaved family.   While appellants' counsel did not object to every remark that was inflammatory, he should not be blamed for failing to interpose more objections, when the court ruled that it could not control the language.   The rulings of the court were calculated to impress the jury with the feeling that the court considered the language proper, and gave judicial sanction and additional weight to the prejudicial and

improper remarks. It is the duty of the court to control counsel within reasonable bounds and to restrict the argument to the evidence in the case. The size of the verdict when it is considered that the child was less than two years of age, an age at which in place of contributing to the support of the family, it would be a burden for its support, maintenance and education for many years upon the next of kin, shows the effect of the improper argument of counsel. Had there been no other error in the case, the improper language used in the argument would be sufficient cause for reversal. For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*