MAY WOODS v. INCORPORATED TOWN OF LISBON, Appellant.

**Physician and patient:** PRIVILEGED COMMUNICATIONS. The testimony of a physician who was never consulted by the patient nor the attending physician, but was simply informed of the nature of an operation to be performed and was present at the operation on request of other parties, is not within the privilege provided by statute; and the fact that the physician's presence was not consented to by the patient or her husband is immaterial.

**Defective sidewalk:** EVIDENCE: NOTICE OF DEFECT. In an action for injuries, the alleged result of a defective walk, evidence that a street commissioner and a member of the council had actual notice of the condition of the walk prior to the accident is admissible.

**Same:** PLEADING: NEW CAUSE OF ACTION. A substituted petition alleging a generally dangerous condition of a walk, although in the original petition only specific defects are pointed out, is not the introduction of a new cause of action of which no notice was given.

*Appeal from Linn District Court.*—HON. B. H. MILLER, Judge.

FRIDAY, MAY 8, 1908.

SUIT to recover damages for a personal injury. Verdict and judgment for plaintiff. The defendant appeals.— *Reversed.*

*Mac. J. Randall* and *Jamison & Smyth,* for appellant.

*E. A. Johnson* and *Chas. W. Kepler & Son,* for appellee.

SHERWIN, J.— This is a suit to recover damages alleged to have been caused by a defective sidewalk. It was alleged that the injuries received produced a miscarriage and otherwise permanently injured the plaintiff; that on account of

said injuries she was compelled to go to a hospital for treat-
ment where she remained for more than one hundred days,
all of the time under treatment for the injuries received.

The evidence showed that the plaintiff was pregnant at
the time she received the injury complained of, and that al-
most immediately after she fell there was severe pain in her
womb and abdomen. Dr. York was called
soon after the accident and treated her for
her injuries. The plaintiff testified that on
Friday, the second day after the injury was received, she
suffered labor pains which continued until the following
Sunday when she had a miscarriage. She further testified
that Dr. York removed the embryo from the womb with in-
struments, and that within two or three days thereafter a
lump appeared on her right side over the right ovary, and
that it grew larger until she was removed to the hospital on
the Sunday following. The plaintiff testified further as to
the treatment given her at the hospital, and that her right
ovary and right fallopian tube were removed soon after she
went there. The hospital was in Cedar Rapids, and the
operations were performed by the Drs. Crawford of that city
with the assistance of Dr. York and in the presence of still
others. It was the contention of the defendant that the
plaintiff's fall had not produced a miscarriage, and that the
operations were made necessary by a diseased condition that
existed at the time of the accident. Neither Dr. York nor
the Drs. Crawford were called by the plaintiff to show her
condition before she was taken to the hospital or at that time,
nor did either of them testify as to the character of the opera-
tions performed for the plaintiff. Dr. H. W. Bender, a
physician of Cedar Rapids, witnessed one of the operations
and was called by the defendant to testify relative thereto.
On his preliminary examination it appeared that he had
never met Dr. York before the day of the operation, and that
on that day he met him on the street while on his way to
the hospital. Dr. Bender had been employed by the de-

1. PHYSICIAN AND PATIENT: priv-ileged commu-nications.

fendant to be present at the operation if possible, and he in fact went to the hospital when Dr. York did. Before reaching the hospital Dr. York told Dr. Bender what the operation was to be, but neither at that time nor at any other time was there any consultation between them as to the case or as to the nature of the operation about to be performed. The testimony showed absolutely that the relation of physician and patient did not exist, that Dr. Bender in no way participated in the work, and that he was merely an observer thereof.

The trial court held him an incompetent witness under section 4608 of the Code. The ruling was erroneous and prejudicial to the defendant. The section provides that " no practicing . . . physician, surgeon . . . who obtains such information by reason of his employment, . . . shall be allowed, in giving testimony, to disclose any confidential communication properly intrusted to him in his professional capacity, and necessary and proper to enable him to discharge the functions of his office according to the usual course of practice or discipline." The statute has been construed to include knowledge or information acquired by the physician by observation or examination. *Finnegan v. Sioux City,* 112 Iowa, 232. And if the relationship of physician and patient had existed at the time in question, the ruling would have been correct. But, as we have heretofore said, there was no such relationship, and without it the testimony offered was clearly competent. There was no confidential relation, and hence no privilege existed. *Battis v. Railway Co.,* 124 Iowa, 623; *State v. Swafford,* 98 Iowa, 362; *State v. Smith,* 99 Iowa, 26; *Sutcliffe v. Traveling Men's Ass'n,* 119 Iowa, 220; 1 Elliott on Evidence, section 634, and cases cited. In *Sutcliffe v. Ass'n, supra,* it was said that the mere presence of the physician did not render the communication confidential when not such in fact.

The appellee urges that Dr. Bender was not in the operating room with the consent of the plaintiff or her hus-

band, and that because thereof he can give no testimony as to what he observed. We know of no authority going to this extent; but, on the contrary, such a holding would be directly adverse to the rule of the cases and to the language and intent of the statute itself. In *State v. Height*, 117 Iowa, 650, we held that the testimony of a physician who had made an examination of a man against his will was competent because the confidential relation protected by the statute did not exist.

Evidence was received over the defendant's objections that the street commissioner and one member of the city council had actual notice of the condition of the walk prior **2. DEFECTIVE SIDE WALK: evidence: notice of defect.** to the accident. The evidence was competent. *Owen v. City of Fort Dodge*, 98 Iowa, 281; *Carter v. Town of Monticello*, 68 Iowa, 179.

The plaintiff filed a substituted petition in which she alleged the generally dangerous condition of the walk in question, whereas in her original petition she had complained **3. SAME: pleading: new cause of action.** of specific defects. The substituted petition did not in our judgment plead a new cause of action for which no notice had been given. The action was commenced within three months after the accident happened, and the condition of the walk as alleged in the substituted petition was but an amplification of the charge, which is permissible. *Sachra v. Town of Manilla*, 120 Iowa, 562; *Cahill v. Ill. Cent. R. Co.* 137 Iowa, 577; *Thayer v. Coal Co.*, 129 Iowa, 551. The court properly refused to direct a verdict for the plaintiff. The evidence on the question of notice of the condition of the walk was sufficient to take the case to the jury.

Some forty more errors are assigned, but, as it is impossible to notice them all in detail, and as the others are not likely to arise on a retrial of the case, we need not give them further consideration. For the error pointed out, the judgment must be *reversed*.