John F. Devine, Administrator, Appellee, v. Chicago & Western Indiana Railroad Company, Appellant.

## Gen. No. 15,450.

1. PLEADING—*when declaration states cause of action.* *Held,* that the declaration in this case stated a cause of action where it charged that the death of the plaintiff's intestate (who was a car repairer) was caused by the negligent striking of him by an engine which had approached without the giving of warning.

2. MASTER AND SERVANT—*right of latter to rely upon observance of custom.* A servant working as a car repairer upon a track is entitled to rely upon a custom of giving warning to employes so engaged, and the doctrine of assumed risk does not apply.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Cook county; the Hon. GEORGE A. CARPENTER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed April 7, 1911. *Certiorari* denied by Supreme Court' (making opinion final).

W. O. JOHNSON, GALE & JOHNSON and W. L. REED, for appellant.

BEACH & BEACH, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

This action was brought by the administrator of the estate of Luigi Russo, deceased, against the Chicago & Erie Railroad Company, James Briney, and the Chicago & Western Indiana Railroad Company. At the trial it was dismissed as to defendant Briney, and was submitted to the jury as to the other two defendants. The jury returned a verdict against the Chicago & Western Indiana Railroad Company alone, for $2,000, and returned no verdict as to the Chicago & Erie Railroad Company. The suit was later dismissed as to the last named defendant. Judgment was entered on the verdict against appellant.

The declaration contains one count in which the neg-

ligence alleged is that both defendant companies possessed, used and operated a certain railroad; that the Chicago & Erie Railroad Company possessed a certain locomotive which was under the care of James Briney, as engineer, who was in the employ of the Erie Railroad Company, and was driving the locomotive along the railroad; that the deceased, Russo, was in the employ of the appellant as a day laborer in a gang of track repairers, and while Russo, with all due care and diligence for his personal safety was engaged in performing his duties under the direction of appellant, the defendants carelessly, negligently and improperly drove, or caused to be driven, the locomotive upon and along the track which Russo was engaged in repairing, and carelessly and negligently failed and neglected to ring a bell, sound a whistle, or to give other proper warning of the approach of the locomotive, and as a result of the negligence and improper conduct of the defendants, the locomotive violently struck Russo, and he was thereby killed.

It is further alleged that Russo left him surviving his widow, a son and a daughter, naming them, his next of kin, and only surviving heirs at law, who are still living, and that by reason of the death of Russo they have been deprived of their means of support.

The evidence offered and received on the part of the plaintiff tends to prove that at the time Russo was killed the locomotive then operated by the Erie Company did not stop at all, did not ring a bell or blow any whistle, but came from the south to the gang of men engaged in working upon the track at a speed of about twelve miles an hour; that there were about sixty men in the gang, all near together, except four or five of them, and that Russo was working with his partner some little distance north of the main body of workmen; that all of the gang got out of the way of the locomotive, but Russo and his partner were run down and killed by the locomotive.

The evidence offered on the part of the defendants tends to controvert the evidence of the plaintiff.

It is urged as a ground of reversal that the declaration does not state a cause of action against appellant, and that the evidence does not support the declaration. We are of the opinion that the declaration states a cause of action against appellant, and that the evidence offered on behalf of the plaintiff tends to prove the negligence averred in the declaration. Considering the whole evidence in the case, we think it warranted the verdict of the jury. We cannot say that the manifest weight of the evidence in the record tends to show that Russo came to his death by reason of his own carelessness and without any negligence on the part of appellant. Nor can we reach the conclusion that Russo came to his death by reason of danger, the risk of which he assumed. From the evidence the conclusion is warranted that Russo was entitled to rely upon appellant's foreman to warn him of an approaching locomotive, and the custom of sounding a whistle or ringing a bell whenever a locomotive was approaching or passing over sections of the road under repair, when workmen were at work on the tracks and liable to be struck by such approaching locomotive. The jury might and did infer from the evidence that the rules or customs of procedure as to giving warning to Russo, shown by the evidence, were violated by appellant's foreman and by the engineer of the locomotive, and that the deceased came to his death as a direct result thereof and while in the exercise of due care for his own safety. Illinois Steel Co. v. Ziemkowski, 220 Ill. 324. The servant does not assume risks arising from the master's negligence. Western Stone Co. v. Muscial, 196 Ill. 382; City of LaSalle v. Kostka, 190 *id.* 130; Sinclair Co. v. Waddill, 200 *id.* 17.

Upon the facts averred in the declaration and the evidence offered in support thereof, we do not think that instructions 1 and 3 are erroneous, in that they entirely ignore the defense of assumption of risk by the deceased. The facts averred in the declaration impliedly negative the assumption by Russo of the risk

of injury caused by the direct negligence of appellant as alleged. The work Russo was doing was not imminently dangerous, and if appellant had not neglected to perform its duty to deceased, there would have been no danger and no injury. If it was dangerous, it was being performed under the directions of appellant, and Russo was relieved from the assumption of risks incident thereto. North C. S. R. R. Co. v. Aufmann, 221 Ill. 614. In the Aufmann case, in passing upon an instruction to the effect that if the jury believed from a preponderance of the evidence the plaintiff had proved his case as laid in the declaration, or any count thereof, they should find the defendant guilty, *held,* that the instruction was good, and distinguished Ill. Terra Cotta Lumber Co. v. Hanley, 214 Ill. 243, cited and relied upon by appellant in support of its criticism of the instructions. Under the authorities cited above, we do not think the doctrine of assumed risk applies to the facts averred in the declaration and proved by the evidence. We think the instructions were proper as applied to the facts averred and proved in this case. Furthermore, under instructions 8 and 17, given at the request of appellant, it cannot complain of a verdict given under the instructions complained of, for they proceed upon the same hypothesis.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*