## MARIE H. BALLOU
### *vs.*
## THE JEWETT CITY SAVINGS BANK
Superior Court    New London County    File No. 13778

MEMORANDUM FILED MARCH 20, 1942.

*Harry Schwartz,* of Norwich, for the Plaintiff.

*Arthur Keefe,* of New London, for the Defendant.

O'SULLIVAN, J.  By the original complaint the plaintiff sought to recover damages for injuries she sustained when, during the evening of March 9, 1939, she fell down a stairway in a building owned by the defendant.  The specifications on which she relied were that the defendant was negligent: (1) in maintaining a defective hallway and stairway; (2) in failing to provide proper handrails; and (3) in failing to light the hall and stairway.

An amendment to the complaint has now been filed, alleging three additional specifications of negligence, but all of them are addressed to the improper lighting of the common passageways.

The defendant has demurred to this amendment "1. Because the alleged causes of action therein stated are barred by" the Statute of Limitations, and "2. Because the law imposes no such obligation and duty upon the defendant in behalf of the plaintiff, a member of a fraternal organization, tenant of the defendant, as alleged" in the amendment.

As to the first ground, it should be observed that, for technical reasons alone, it should be overruled. The defendant is attempting to raise by demurrer the question of the application of the Statute of Limitations. This, I apprehend, may occasionally be done but only with the consent of opposing counsel, and I know of no such consent. *Sharkey vs. Skilton,* 83 Conn. 503, 510.

But passing by this technical reason, the authorities hold that an amendment to the specifications setting forth more clearly the negligence complained of as to the cause of the same injury does not amount to the statement of a new cause of action but relates back to the original complaint so far as the operation of the statute is concerned. *Seaboard Air Line Ry. vs. Renn,* 241 U.S. 290; *Hagenauer vs. Detroit Copper Mining Co.,* 14 Ariz. 74, 124 Pac. 803; *P., B. and W. R. R. Co. vs. Gatta,* 4 Boyce (Del.) 38, 85 Atl. 721; *North Chicago Street R. R. Co. vs. Aufmann,* 221 Ill. 614, 77 N.E. 1120, *Woods vs. Town of Lisbon,* 138 Iowa 402, 116 N.W. 143; *Chobanian vs. Washburn Wire Co.,* 33 R.I. 289, 80 Atl. 394; *Macklin vs. Dunn,* 130 Tenn. 342, 170 S.W. 588.

The amendment goes no farther than to use the identical facts found in the original complaint as the basis from which to spell out the negligent conduct upon which she seeks further to rely. This is not adding a new cause of action. *See, also, Vickery vs. New London Northern R.R. Co.,* 87 Conn. 634. The first ground of demurrer is overruled.

This case has already been before the Supreme Court of Errors, (*Ballou vs. Jewett City Sav. Bank,* 128 Conn. 527). A quotation from the opinion of that court disposes of the second ground. "Where the construction of a stairway or hall is such as to require the use of artificial light to make it reasonably safe....the rule of using reasonable care to keep common halls and stairways reasonably safe applies."

A jury has the right to determine whether the defendant has met this standard in the face of allegations, and, I would

anticipate, proof that the switch controlling the lights for the stairway in question was in such a place that every Tom, Dick and Harry, whether rightfully in the defendant's building or as an interloper, could and, in fact, had put the lights on and off on many occasions, knowledge of which the defendant had, either actually or constructively. The second ground cannot stand.

Accordingly, the demurrer is overruled.