SIMON H. ERFORD

*v.*

THE CITY OF PEORIA.

*Opinion filed October 23, 1907.*

1. JUDICIAL NOTICE—*courts do not take judicial notice of what is shown by journals of legislature.* One contending that the title of an act was changed after it passed the House and Senate and before it was signed by the Governor must make proof of such fact, since courts do not take judicial notice of what is shown by the original journals of the Senate and House of Representatives, and will presume that a law certified to by the Secretary of State is in the form in which it was passed by the legislature.

2. CONSTITUTIONAL LAW—*when provision against reviving or amending law by reference to title is not violated.* Where both the title and body of an act indicate an intention to create a law complete in itself, the provision of section 13 of article 4 of the constitution against reviving or amending laws by reference to title, only, is not violated, notwithstanding the effect of the act may be to repeal by implication or modify prior existing laws.

3. SAME—*section 1 of act of 1905, fixing limitation in suits for personal injury against cities, is not invalid.* Section 1 of the act of 1905, (Laws of 1905, p. 111,) requiring suits for personal injury against cities, towns or villages to be brought within one year, takes such actions out of the operation of the general Statute of Limitations as respects cities, towns and villages, and is not in violation of section 13 of article 4 of the constitution.

4. SAME—*act of 1905, which relates to personal injury suits against cities, is not special legislation.* The act of 1905, limiting the time for the bringing of personal injury suits against cities, towns and villages to one year from the injury and requiring notice to be given within six months, applies to all cities, towns and

villages in the State, and hence is not special legislation such as is prohibited by the constitution.

5. MUNICIPAL CORPORATIONS—*provision of act of 1905 requiring notice of injury to city is mandatory.*  Section 2 of the act of 1905, requiring any person about to bring a personal injury suit against a city, town or village to file a notice within six months from the date of the injury, is mandatory, and is a condition precedent to the right to bring the suit.

6. SAME—*bringing a suit within six months does not take place of notice.*  One who brings a personal injury suit against a city, town or village must aver and prove that he has given the notice required by section 2 of the act of 1905, (Laws of 1905, p. 111,) and it is not sufficient, if no notice was given, that suit was brought within six months from the date of the injury.

APPEAL from the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding.

This is an action on the case brought by appellant in the circuit court of Peoria county for injuries received by him while driving along one of appellee's streets on March 28, 1906.  The suit was filed April 30, 1906, and appellee was served with summons on the 3d day of May, 1906.  The declaration was filed May 4, 1906, and appellee filed its answer, by way of demurrer, May 15, 1906, which demurrer was on the 14th day of November overruled by the court, and on the same day appellee filed the general issue and appellant added his *similiter* thereto.  It is not contended that the declaration failed to show a right of action nor is it contended that appellant failed to make out a good cause of action on the trial.  The only contention in the case is, that appellant in his declaration failed to aver that notice had been given the appellee, as provided in an act entitled "An act concerning suits at law for personal injuries and against cities, villages and towns," approved May 13, 1905, and in force July 1, 1905, and that upon the trial of said cause no evidence was offered tending to show that any such notice as provided in said act of 1905 was given appellee by appellant.  At the close of appellant's evidence the appellee

moved the court to instruct the jury that there was not sufficient evidence to support a verdict, which motion the court sustained, and from the judgment based on a directed verdict appellant prosecutes an appeal direct to this court, for the reason that the constitutionality of a statute is involved.

BARNES & BOULWARE, for appellant:

The act entitled "An act concerning suits at law for personal injuries and against cities, villages and towns," is not the act that was passed by the Senate and House of Representatives of the Forty-fourth General Assembly.

The act in question is unconstitutional, being an amendment to previous acts in relation to limitation, injuries and practice while purporting to be a complete act in itself. Const. art. 4, sec. 13; *People* v. *Knopf*, 183 Ill. 410; *Badenoch* v. *Chicago*, 222 id. 71.

The act in question is invalid and unconstitutional because it discriminates against citizens of the same class, and is therefore special legislation. Const. art. 4, sec. 22; *Hibbard* v. *Chicago*, 173 Ill. 98; *Frorer* v. *People*, 141 id. 187; *Coal Co.* v. *People*, 147 id. 71; *Harding* v. *People*, 160 id. 465; *Gillespie* v. *People*, 186 id. 176; *Matthews* v. *People*, 202 id. 402.

The act in question is a special act, in that it does not apply to all municipal corporations created under the laws of the State. *Badenoch* v. *Chicago*, 222 Ill. 71.

The act in question purports to be a complete act within itself but fails to constitute a complete and entire act of legislation on the subject with which it purports to deal. Cooley's Const. Lim. (6th ed.) 182; *People* v. *Knopf*, 183 Ill. 412.

The act in question is opposed to sound public policy and is unconstitutional, as special legislation, in granting to certain public corporations immunities denied to others; in granting to certain individuals privileges and immunities

denied to others; in being a special law when a general law could have been applicable. *Merwin* v. *Chicago,* 45 Ill. 133; Const. art. 4, sec. 22, clause 24.

The title to the act in question is misleading. The act deals with limitations and notice, and there is nothing in the title to the act referring to limitations or notice. The rule is, that the title must express the real subject of the act, so as to put the legislature and those persons who are affected thereby on inquiry as to its contents. 26 Am. & Eng. Ency. of Law, 580; *Railroad Co.* v. *Kearney Co.* 58 Kan. 19; *State* v. *Sullivan,* 73 Ind. 378; *Matter of Paul,* 94 N. Y. 497; *People* v. *Protestant Deaconesses,* 71 Ill. 229.

The bringing of the suit within six months and the general demurrer filed by the appellee was sufficient notice under this statute.

The spirit of the law controls the letter thereof. Under this rule words may be rejected and others substituted. The policy of the legislation may be considered, and such construction of apparently conflicting provisions will be adopted as will best promote the harmonious operation of the law as a whole. 26 Am. & Eng. Ency. of Law, 693, 694; *Perry County* v. *Jefferson County,* 94 Ill. 214; *People* v. *Hoffman,* 97 id. 234; *People* v. *Harrison,* 191 id. 257; *Anderson* v. *Railroad Co.* 117 id. 26.

W. H. MOORE, City Attorney, for appellee:

Where the journals of the legislature are not produced to show by what title an act passed it will be presumed that it passed by the title which it bears. *Binz* v. *Weber,* 81 Ill. 157; *Hensoldt* v. *Petersburg,* 63 id. 157; *Railroad Co.* v. *Wren,* 43 id. 77; *People* v. *McCullough,* 210 id. 513.

The clause of the constitution which says, "no law shall be revived or amended by reference to its title only, but the law revived or the section amended shall be inserted at length in the new act," cannot be held to embrace every

enactment which in any degree, however remotely, affects the prior law on a given subject. An act complete in itself is not within the mischief designed to be remedied by this provision and is not prohibited by it. *People* v. *Wright*, 70 Ill. 389; *Timm* v. *Harrison*, 109 id. 594; *People* v. *Knopf*, 183 id. 410; *Chicago* v. *Reeves*, 220 id. 285.

The title need not contain an index to the contents of an act. It is sufficient if the subject matter is, under any construction, reasonably included within the subject expressed in the title or is germane thereto. *People* v. *Nelson*, 133 Ill. 565; *Gaines* v. *Williams*, 146 id. 450; *Park Comrs.* v. *Sweet*, 167 id. 332; *Christy* v. *Elliott*, 216 id. 45; *Chicago* v. *Reeves*, 220 id. 298.

A statute is not obnoxious to the constitutional objection that it is not a general law because it applies to a class of persons. It is a general law if it applies to all persons in the State similarly engaged. A law is general not because it embraces all of the governed, but that it may when they occupy the same position of those who are embraced in its terms. *Hawthorn* v. *People*, 109 Ill. 302; *Lippman* v. *People*, 175 id. 107; *People* v. *Foundry Co.* 201 id. 256.

Where the word "shall" is used in a statute, and a right or benefit to any one depends upon giving it an imperative construction, then it is to be regarded as peremptory. *Clark* v. *Patterson*, 214 Ill. 539; *Wheeler* v. *Chicago*, 24 id. 105.

Notice of the alleged injury in conformity with the provisions of the statute must be presented to the proper city officers as a condition precedent to the commencing of the suit, and the plaintiff must allege and prove the service of such notice. *Reining* v. *Buffalo*, 102 N. Y. 308.

Mr. JUSTICE VICKERS delivered the opinion of the court:

The principal contention of appellant is, that section 2 of an act concerning suits at law for personal injuries and against cities, villages and towns is unconstitutional. Sec-

tion 2 of said act (Hurd's Stat. 1905, p. 1154,) is as follows: "Any person who is about to bring any action or suit at law in any court against any incorporated city, village or town for damages on account of any personal injury shall, within six months from the date of injury, or when the cause of action accrued, either by himself, agent or attorney, file in the office of the city attorney (if there is a city attorney, and also in the office of the city clerk) a statement in writing, signed by such person, his agent or attorney, giving the name of the person to whom such cause of action has accrued, the name and residence of person injured, the date, and about the hour of the accident, the place or location where such accident occurred and the name and address of the attending physician (if any)." Section 3 provides that if the notice provided for in section 2 is not given as therein required, any such suit brought against any such city shall be dismissed, and the party suffering such dismissal shall be forever barred from suing on account of such injury. There was no averment of compliance with section 2 in the case at bar, and it is conceded that no attempt whatever was made to comply with said section before bringing this suit.

It is first insisted by appellant that the title of this act was changed after it passed the House of Representatives and the Senate and before it was signed by the Governor. It is stated by counsel for appellant in his brief that the word "and" was inserted in the title of the act, between the words "injuries" and "against." There is no evidence in the record of any such change having occurred in the title of the act. This court cannot take judicial notice of what the original journals of the House of Representatives and the Senate show, and if appellant desired to show that a change had been made in the title or body of the bill after it had been passed and before it was signed by the Governor he should have introduced the original journals to support his contention. In the absence of any proof to the

contrary we must presume that the law as certified to by the Secretary of State is in the same form that it was when it passed the legislature.

It is next insisted by appellant that the act in question violates section 13 of article 4 of the constitution, which provides that "no law shall be revived or amended by reference to its title only, but the law revived or the section amended shall be inserted at length in the new act." Appellant's contention on this point cannot be sustained. Section 2 above quoted is not an amendment to any previous statute but is entirely new legislation. Section 1 of the act in question fixes one year as the limitation within which suits for personal injuries may be commenced against any incorporated city, village or town, and provides that no suit or action at law shall be commenced on account of a personal injury against a city, village or town after the expiration of one year from the time such injury was received or the cause of action accrued. Appellant's argument under this point applies only to said section 1, and the validity of that section is not directly involved in this case. But even if it were, appellant's position is not tenable. The only effect of section 1 on the general Statute of Limitations is to take actions for personal injuries against cities, villages and towns out of the operation of the general statute and place them under the one year limitation fixed by the said section 1, leaving the general Statute of Limitations in full force and effect as to all other persons or corporations who may be sued for personal injuries. Neither in the title nor the body of the act is there anything found to indicate that the act is amendatory of any existing law. Both the title and the terms of the act indicate an intention to create a law complete within itself, and when this is the case the constitutional provision above referred to is not violated, notwithstanding the effect of such act may be to repeal by implication or modify prior existing laws. *People* v. *Knopf,* 183 Ill. 410; *Badenoch* v. *City of Chicago,* 222 id. 71.

It is next insisted that the act in question violated the constitution prohibiting special legislation, the contention being that the act applies to cities, villages and towns but does not apply to other municipal corporations. This position cannot be sustained. It is true that counties, townships, school districts and other political divisions are excluded from the operation of the statute in question, but the act· applies to all cities, villages and towns in the State. The power of the legislature to pass general laws applicable only to cities, villages and towns of the State has never been questioned in this court, so far as we are advised. A law is general when it applies to all persons in the State similarly situated. *Hawthorn* v. *People,* 109 Ill. 302; *People* v. *Butler Street Foundry Co.* 201 id. 236.

Finally, appellant insists that, if the act in question is constitutional, the bringing of the suit before the expiration of the six months was a sufficient compliance with the spirit of the statute, and that the statute ought to be held applicable only to cases where the suit was brought after six months after the injury and within one year. Such a construction of the act would in a great measure defeat the purpose of this law. If a party having a claim for personal injury may wait until the six months have about expired and then sue without giving any notice, the law might as well be repealed. Statutes of this character are mandatory, and the giving of the notice is a condition precedent to the right to bring such suit, and the giving of the notice must be averred and proved by the plaintiff to avoid a dismissal of his suit. This construction is in harmony with the holdings in other States where similar statutes exist. See 15 Am. & Eng. Ency. of Law, (2d ed.) p. 483, and cases there cited; Elliott on Streets and Roads, sec. 642.

Finding no error in the record the judgment below is affirmed.                                                 *Judgment affirmed.*