Mary Smith, Appellee, v. City of Chicago Heights, Appellant.

Gen. No. 13,963.

1. NOTICES—*statute requiring notice to city of personal injury construed.*. This statute is mandatory and the giving of the notice required is a condition precedent to the right to the maintenance of the action.

2. PLEADING—*when declaration against city in action for personal injuries fatally defective.* A declaration in an action for personal injuries against an incorporated city, village or town is fatally defective if it does not allege the giving of the notice to such city as required by statute; such a declaration is not cured by verdict.

3. PRACTICE—*what may be reached by motion in arrest.* Where one totally omits to allege matter expressly or impliedly essential to his action or defense, such omission is not cured by verdict but may be taken advantage of by motion in arrest.

Action in case for personal injuries. Appeal from the City Court of Chicago Heights; the Hon. HOMER ABBOTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Reversed. Opinion filed June 16, 1908.

CRAIG A. HOOD, for appellant.

GEORGE A. BRINKMAN, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an action for personal injuries in which appellee recovered judgment. The declaration charges in substance that appellee stepped upon a loose plank

on a sidewalk which the appellant negligently suffered to be and remain in a bad and unsafe condition, that the plank flew up and the plaintiff, while in the exercise of ordinary care, unavoidably tripped, stumbled and stepped into the opening in the sidewalk and thereby received injuries complained of. The issues were submitted to a jury who returned a verdict in plaintiff's favor for $1,500. The plaintiff remitted $900 and judgment was entered against the defendant for $600.

There was a motion in arrest of judgment upon the ground "that none of the counts of plaintiff's declaration * * * state a cause of action sufficient to support a judgment." The motion was denied, and this action of the lower court is assigned as error. The statute provides (R. S. chap. 70, sections 7 and 8) that any person who is about to bring any action or suit at law against an incorporated city, village or town for damages on account of any personal injury, shall within six months from the date of injury or when the cause of action accrued file in the office of the city attorney a statement in writing, signed by such person, his agent or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place where it occurred, and the name and address of the attending physician, if any. It is provided that if such notice is not given any such suit against such city shall be dismissed and the party suffering such dismissal be forever barred from suing on account of such injury. There is in the plaintiff's declaration in this case no averment of compliance with such requirement of the statute. At the trial the plaintiff's attorney undertook to introduce alleged duplicates of such a notice as the statute requires. They were admitted over defendant's objection, but were subsequently stricken from the record of the court's own motion. In Erford v. City of Peoria, 229 Ill. 546-553, it is said in refer-

ence to the statute in question, "Statutes of this character are mandatory and the giving of the notice is a condition precedent to the right to bring such suit, and the giving of the notice must be averred and proved by the plaintiff to avoid a dismissal of his suit." This is conclusive in the case at bar.

The declaration was defective on general demurrer and the failure to aver the giving of the required statutory notice was reached by the motion in arrest of judgment. "The error relied upon on motion in arrest must be one which would have been fatal upon general demurrer, as where the declaration is so defective that no judgment can be rendered thereon." Encyc. of Pl. & Pr., 2nd Vol., p. 796. Where one totally omits to allege matter expressly or impliedly essential to his action or defense, such omission is not cured by verdict.

The judgment of the City Court of Chicago Heights must be reversed. The cause will not be remanded.

*Reversed.*