Lillian Walters, Appellee, v. City of Ottawa, Appellant.
Gen. No. 5,020.

1. STATUTE OF LIMITATIONS—*when declaration does not state new cause of action.* An amended declaration filed in an action against a city for a sidewalk injury does not state a new cause of action where it differs from the original in that it sets up the statutory notice while the original declaration made no reference thereto.

2. VERDICT—*when not disturbed as against the evidence.* A verdict based upon conflicting evidence will not be disturbed on review if the evidence was sufficient to sustain the jury's finding.

3. VERDICT—*when not excessive.* A verdict of $1,000 in an action on the case for personal injuries is not so excessive as to call for *remittitur* by the appellate court where a serious injury to the ankle has been shown.

4. TRIAL—*when argument of counsel will not reverse.* Improper remarks in opening and in argument will not reverse unless resulting prejudice appears.

Action in case for personal injuries. Appeal from the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the April term, 1908. Affirmed. Opinion filed October 14, 1908.

J. L. FERGUSON, for appellant; BUTTERS, ARMSTRONG & FERGUSON, of counsel.

BROWNE & WILEY, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

The city of Ottawa maintains a cinder sidewalk on the west side of Poplar street between Jefferson and Jackson streets. On August 28, 1906, Mrs. Lillian Walters, the appellee, was walking along thereon in the evening and stepped into a hole or depression therein, and she claims that she was thereby severely and permanently injured and that the small bone of her ankle was broken. She gave notice thereof to the city attorney and to the city clerk in full compliance with the act of 1905 in regard to suits against cities for personal injuries. Hurd's R. S. 1905, 1153, 1154. These notices were given on September 15 and 18, 1906. On September 25, 1906, she brought this suit and filed a copy of said notices with the clerk of the Circuit Court in this cause on that day. She filed a declaration in every respect sufficient, except that she made no allegation concerning the giving of such notices as the statute requires. To this the city filed a plea of the general issue. The statute referred to limits the time within which a suit for such an injury may be brought against a city to one year. On November 29, 1907, after that year had elapsed, the city withdrew its plea of the general issue by leave of court and filed a demurrer to the declaration, which was sustained because of the failure to allege said notice. Thereafter appellee filed an amended declaration in all other respects sufficient and which alleged the giving of sufficient notice in a sufficient manner within the time fixed by statute. Appellant pleaded the general issue and said one year limitation. The court sustained a demurrer to the plea of the Statute of Limitations and appellant elected to abide by that plea. There was a trial and a verdict for appellee for $1,000, upon which appellee had judgment, and the city appeals.

It is contended, first, that the court erred in sustaining the demurrer to the plea of the Statute of Limitations. To this there are, we think, two sufficient answers.

1. The notice to the city attorney and to the city clerk is not a part of the cause of action, and therefore the amended declaration did not state a new cause of action. This appears from considering what is the cause of action in such a case. The cause of action here is that there was a cinder sidewalk upon which the city invited foot passengers to travel; that in said walk was a deep hole or depression, dangerous to foot passengers, especially to those walking there in the night time; that it had been in that condition for a long time, and for so long a time that the officers of the city chargeable with the care of its streets and sidewalks would have known of this dangerous hole in time to have repaired it before plaintiff was hurt, if they had exercised ordinary care; that plaintiff was passing along that walk in the evening after dark and had never passed there before and was ignorant of the existence of the hole, and was exercising due and ordinary care for her personal safety, and while so doing she accidently stepped into said hole and was thereby injured. If those facts are established by a preponderance of the evidence, then plaintiff has shown that when plaintiff left that place that night a cause of action had arisen in her behalf against the city; that the city was guilty of negligence which had caused her an injury while she was exercising due care, for which injury the city was liable to her. The subsequent notice to the officers of the city did not add anything to the cause of action in any proper sense. It did not establish any greater degree of responsibility on the part of the city, nor tend to show any more care by plaintiff for her personal safety. It related to the remedy for the injury and not to the cause of action therefor. The statute merely required that such notice should be given the city within a specified

time after the injury, in default of which the injured party should not be permitted to maintain a suit against the city for that cause of action. This is implied in the statute itself. It requires, in express terms, that the notice shall be given within six months from the date "when the cause of action accrued," and also that the notice shall state "the name of the person to whom such cause of action had accrued." This means that that which the statute treats as the cause of action has already accrued before the notice is given or can be given, and not that the giving of the notice is a part of the cause of action. Erford v. City of Peoria, 229 Ill. 546, relied upon by appellant is in harmony with this view. In that case the statutory notice was neither alleged nor proved. In the statement preceding that opinion the court said: "It is not contended that the declaration failed to show a right of action nor is it contended that appellant failed to make out a good cause of action on the trial." That is equivalent to saying that a good cause of action was alleged and proven though the notice was neither alleged nor proven, for want of which the action could not be maintained.

2. A defective statement of a right of action may be cured by amendment regardless of the Statute of Limitations.

It is clear that under the decision in Erford v. City of Peoria, *supra,* and under cases cited by appellant from other states, it was necessary that the giving of the notice required by the statute should be alleged in the declaration. Reinig v. City of Buffalo, 102 N. Y. 308; Thrall v. Village of Cuba, 88 N. Y. App. Div. 410; Wentworth v. Town of Summit, 60 Wis. 281; Dorsey v. City of Racine, 60 Wis. 292; Sowle v. City of Tomah, 81 Wis. 349; Pardey v. Mechanicsville, 101 Iowa 266; City of Lincoln v. Grant, 38 Neb. 369. In some of these cases the notice is treated as if a part of the cause of action. In none of these cases is it intimated that that which was imperfectly stated by

reason of the omission of the allegation of the stat-
utory notice may not be amended.  In some of them
there is an intimation that the declaration or com-
plaint could have been amended.  "The Statute of
Limitations does not apply to mere matters of plead-
ing and it should not be given that effect indirectly
by holding that an imperfect statement of a cause of
action is no statement of it."  No. Chicago Ry. Co.
v. Aufman, 221 Ill. 614; Chicago City Ry. Co. v. Hack-
endahl, 188 Ill. 300.  In Chicago City Ry. Co. v.
Cooney, 196 Ill. 466, the original declaration failed
to allege that plaintiff had exercised due care, and
that was a necessary and material allegation.  After
the Statute of Limitations had run an amended dec-
laration was filed which contained that allegation.  A
plea of the Statute of Limitations was filed thereto
and a demurrer was sustained to said plea.  It was
held that the original declaration stated a cause of
action, though defectively, and that the amendment did
not state a new cause of action.  We are of opinion
that if it should be held that the notice was a part of
the cause of action, still the original declaration was
but a defective statement of the cause of action, and
that the amended declaration did not state a new
cause of action, but merely remedied the previous de-
fective statement.  For these reasons the demurrer to
the plea of the Statute of Limitations was properly
sustained.

The size and extent of the hole or depression in the
cinder walk and whether it was inside of the limits of
the street, and whether it had formed almost immedi-
ately prior to the injury or had existed for months
and for so long a time that the city authorities in the
exercise of ordinary care should have ascertained and
remedied the defect, were questions of fact upon which
the evidence was conflicting.  There was evidence in
the record sufficient to sustain appellee's allegation in
these respects.  The jury decided these controverted
questions in favor of appellee and the trial judge ap-

proved their finding. The state of the evidence is not such that we would be justified in reversing the verdict and judgment for lack of evidence to support it.

It is argued that the damages are excessive. We would have been satisfied with a smaller allowance, but if the testimony of appellee and of the physician who examined her ankle shortly before the trial is true, her injuries were sufficiently serious so that a reviewing court would not be justified in disturbing a verdict for $1,000.

Complaint is made of language used by counsel for appellee in his statement of appellee's case at the opening and in his subsequent argument to the jury. We do not approve of one or two things which he said, but we do not feel warranted in reversing the judgment on that account. We find no reversible error in the record. The judgment is therefore affirmed.

*Affirmed.*