## Christena Willig, Appellee, v. City of Chicago Heights, Appellant.

### Gen. No. 5,091.

STATUTE OF LIMITATIONS—*when amendment states new cause of action.* In an action against a municipality to recover for personal injuries a declaration which fails to allege the serving of the statutory notice, does not state a cause of action and an amendment which alleges such material fact sets up a new cause of action.

Action in case for personal injuries. Appeal from the Circuit Court of Will county; the Hon. ALBERT O. MARSHALL, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded. Opinion filed June 22, 1909.

CRAIG A. HOOD, for appellant.

DYER & WHITTEMORE, for appellee; ROBERT E. HALEY, of counsel.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

This is an action on the case brought by Christena Willig to recover damages from the city of Chicago Heights for personal injuries sustained by her by reason of a defective sidewalk over which she was passing in said city. On May 31, 1907, the appellee filed in the office of the city attorney and city clerk of appellant a notice such as is required by section 2 of the act of May 13, 1905, concerning suits for personal injuries against cities, giving notice to the city that she claimed damages against the city for injuries sustained on January 19, 1907, and that unless settlement was made suit would be brought. This suit was begun in the City Court of Chicago Heights and plaintiff's declaration was filed July 16, 1907. The defendant filed a plea of the general issue and thereafter upon the application of defendant the venue was changed to the Circuit Court of Will county. In her original declaration the plaintiff did not plead or make any reference to the

notice served on the city on May 31, 1907, and on June 2, 1908, by leave of court she amended her declaration by pleading such notice. The defendant thereupon refiled the general issue and filed a special plea of the statute of limitations, that the cause of action set forth in the amended declaration did not accrue within one year. The plaintiff demurred to the special plea and the court sustained the demurrer. On a trial the jury returned a verdict in favor of plaintiff for $4,000. The defendant entered a motion for a new trial. The court overruled the motion on condition that a *remittitur* of $1,000 should be entered. Upon a *remittitur* being entered judgment was rendered in favor of plaintiff for $3,000 and the city has appealed to this court.

Amongst the other errors assigned the appellant contends that the trial court erred in overruling the demurrer to the plea of the statute of limitations. The original declaration did not aver notice was given to the city as is required by the statute. More than one year after the cause of action accrued the declaration was amended by averring the giving of the notice within the time required by the statute. A declaration must allege all the facts necessary to support a cause of action and a failure to state any fact the traverse of which would defeat the action does not state a cause of action. The failure to plead, within the time limited for beginning the suit, the serving of notice, was a failure to plead a fact material in the statement of appellee's cause of action. The statute of limitations had barred the cause of action before the declaration was amended so as to aver a cause of action. Walters v. City of Ottawa, 240 Ill. 259; Erford v. City of Peoria, 229 Ill. 546; Smith v. City of Chicago Heights, 141 Ill. App. 588. The court erred in overruling the demurrer to the special plea. The declaration failing to state a cause of action within a year from the time the injury was sustained, the judgment is reversed and the cause is remanded to the trial court with instructions to overrule the demurrer.

*Reversed and remanded.*