**Lillian Walters, Plaintiff in Error, v. City of Ottawa, Defendant in Error.**

**Gen. No. 5,656.**

1. APPEALS AND ERRORS—*record.* The record of a former case, between the same parties, can only be embodied in the record by being pleaded or offered in evidence.

2. STATUTE OF LIMITATIONS—*pendency of action.* Where action was brought against a city for personal injuries caused by alleged

defects in a sidewalk, but the declaration did not state a cause of action, and an amended declaration was filed after the expiration of the time allowed by the statute of limitations, the time did not expire during the pending of such suit, within the meaning of the Limitation Act, § 25, allowing suit within one year in certain cases where the statute runs during pending of suit.

3. STATUTE OF LIMITATIONS—*limitation act § 25, construed.* The Limitation Act, § 25, providing that in certain cases where suit is brought within the required time, and the time expires during pendency thereof, the plaintiff on reversal, nonsuit, etc., may commence a new action within one year thereafter, does not mean that a new action may be commenced within one year of judgment, etc., if the original declaration did not state a cause of action, but it applies to defects by which a party is defeated as stated therein.

Action in case for personal injuries. Error to the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed October 15, 1912.

BROWNE & WILEY, for plaintiff in error.

RECTOR C. HITT and BUTTERS & ARMSTRONG, for defendant in error.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

The first six pages of the record before us do not relate to the present suit but contain fragments of a record of a former case between the same parties. That record could only be embodied in the present record upon which errors are assigned by being pleaded or offered in evidence, and the clerk improperly attached said six pages. The record we are to consider begins on page seven. Lillian Walters the plaintiff claimed to have been injured on August 28, 1906, by stepping into a hole in a cinder sidewalk maintained by the city of Ottawa upon one of its streets. She brought this suit on April 21, 1910, against the city to recover damages for her injuries and filed a proper declaration. Defendant was summoned and filed a plea of the general issue, which was

afterwards withdrawn and a plea of the statute of limitations filed. On October 10, 1911, plaintiff filed a special replication to said plea of the statute of limitations, to which special replication the court sustained a demurrer. Defendant, by leave of court, filed two additional pleas on December 4, 1911, to which additional pleas plaintiff filed a special replication. A demurrer to this was sustained. Plaintiff abided by her said special replications and the court dismissed the suit at the cost of the plaintiff who has brought this writ of error to review said judgment. The judgment is not in proper form. It should have been that plaintiff take nothing by her suit and that defendant go hence without day. Upon the oral argument in this court it was agreed that neither side would raise any question as to the form of the judgment and that so much of the 4th assignment of error as relates to the dismissal of the suit should be treated as waived.

The pleas and special replications are very lengthy and we avoid stating them by saying that they were sufficient to raise the question hereafter discussed. We will state only an outline of the situation presented. Within the time fixed by law after plaintiff was injured she duly notified the officers of the city, as required by statute, and afterwards, on September 20, 1906, she began an action against defendant to recover damages for said injuries and filed therein a declaration which contained no averment whatever of any notice to the city. Defendant pleaded the general issue and, after the lapse of one year withdrew that plea by leave of court and demurred to the declaration and that demurrer was sustained. She then filed an amended declaration by leave of court in which she properly averred the statutory notice to the city. To this defendant filed the general issue and a plea of the statute of limitations. A demurrer to the latter plea was sustained. The cause was tried and plaintiff had a verdict and a judgment for damages. That judgment was affirmed by this court in Walters v. City of

Ottawa, 144 Ill. App. 379. We granted a certificate of importance and an appeal to the Supreme Court where, on April 23, 1909, the judgment was reversed and the cause was remanded to the Circuit Court with directions to overrule the demurrer to the plea of the statute of limitations. A rehearing was denied in that cause on June 16, 1909. Walters v. City of Ottawa, 240 Ill. 259. It appears from the pleadings in the present cause that thereafter plaintiff asked the Supreme Court to set aside its judgment and order reversing and remanding the cause and instead thereof, to enter a final order reversing the judgments of the circuit and appellate courts but without remanding, and that that motion was granted and such a judgment was entered in the Supreme Court on April 20, 1910. It is alleged that while said cause was pending in the Supreme Court plaintiff had brought another action against the defendant to recover damages for the same injuries and filed therein a proper declaration, averring statutory notice to the city; that, on April 21, 1910, the day after said final order in the Supreme Court at the hour of 1:30 P. M. plaintiff dismissed that second suit, and at the hour of 2:40 P. M. of the same day began the present suit. Paragraph 25 of the limitation act (Hurd's Rev. Stat. of 1911, p. 1495,) is as follows:

"In any of the actions specified in any of the sections of said act, if judgment shall be given for the plaintiff and the same be reversed by writ of error, or upon appeal; or if a verdict pass for the plaintiff, and upon matter alleged in arrest of judgment, the judgment be given against the plaintiff; or, if the plaintiff be nonsuited, then, if the time limited for bringing such action shall have expired during the pendency of such suit, the said plaintiff, his or her heirs, executors or administrators, as the case shall require, may commence a new action within one year after such judgment reversed or given against the plaintiff, and not after."

Plaintiff contends that under said section she could

lawfully bring and maintain an action for the injuries so sustained by her on August 28, 1906, at any time within one year after the final disposition of said cause by the Supreme Court on April 20, 1910, and relies upon McAndrews v. C. L. S. & E. Ry. Co., 162 Fed. Rep. 856, which appears to support her position. She also argues that this position was supported by Hinchliff v. Rudnik, 212 Ill. 569. A perusal of the opinion of the Supreme Court in Hinchliff v. Rudnik and Walters v. City of Ottawa will disclose a clear distinction between the two cases. In the former the original declaration stated a cause of action, but defectively, and it was held that after the period of the statute additional counts could be filed stating that cause of action effectively. In Walters v. City of Ottawa it is held plainly and repeatedly that the original declaration did not state any cause of action at all, and that a cause of action was first stated when, after the statute of limitations had run, the amended declaration was filed. To the same effect are Erford v. City of Peoria, 229 Ill. 546; Ouimette v. City of Chicago, 242 Ill. 501; Prouty v. City of Chicago, 250 Ill. 222; Langguth v. Village of Glencoe, 253 Ill. 505. It was held in the latter case that where a declaration fails to state a cause of action, the beginning of the suit does not stop the running of a statute of limitations, in favor of additional counts thereafter filed therein which do state a cause of action; but so far as such counts are concerned the suit will be regarded as begun at the time when they are filed. If the Supreme Court had held in the Walters case, *supra,* that the original declaration defectively stated a good cause of action, the Hinchliff case would be in point. But the Supreme Court held that the original declaration in the Walters case did not state any cause of action. Plaintiff was injured on August 28, 1906, and the counts which did state a cause of action were filed more than one year and three months thereafter. That, therefore, was the time when she first began her suit

upon the cause of action stated in the present declaration. Her cause of action was already barred by the statute of limitations when she filed her amended declaration and thereby first began this suit on this cause of action. The time limited for bringing such action did not expire "during the pendency of such suit," but it expired before the suit was begun, within the meaning of the decisions of our Supreme Court above cited. Whatever meaning may be attributed to said paragraph 25 of the limitation act, we are of opinion that it does not mean what is here contended. If plaintiff's position here is correct, then an injured party might wait five or ten years before bringing any suit for recovering damages therefor, and, when a plea of the statute of limitations was interposed and sustained and he was defeated in his action on account thereof, he could then within one year after final judgment that his cause of action was barred by the statute of limitations, bring and maintain a new suit for the same cause of action. We are of opinion such is not the purpose of the statute, but that it applies to defects by which a party is defeated in the manner stated in that statute after he has, within the time prescribed by statute, begun a suit for that cause of action. We are therefore of opinion that the court did not err in sustaining the demurrer to plaintiffs special replications.

Defendant also contends that the last judgment entered by the Supreme Court on the motion of plaintiff was a final judgment and bars the plaintiff from bringing another suit regardless of the statute of limitations, but we consider it unnecessary to discuss that question. We also treat the beginning and dismissal of the second suit as immaterial.

For the reasons stated the judgment of the court below is affirmed.

*Affirmed.*