Eli PERKINS, Jr., Plaintiff-Appellant,

v.

**HENDRICKSON MANUFACTURING CO. and Local 4336, United Steelworkers of America, Defendants-Appellees.**

**No. 79–1268.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 6, 1979.

Decided Nov. 30, 1979.

Thomas P. Hanrahan, Kirkland & Ellis, Chicago, Ill., for plaintiff-appellant.

Douglas K. Magary, Chicago, Ill., for defendants-appellees.

Before CUMMINGS and SPRECHER, Circuit Judges, and DUMBAULD, Senior District Judge.*

DUMBAULD, Senior District Judge.

The Court, having read the briefs, considered the record, and heard oral argument on behalf of the parties, concludes that the judgment of the District Court must be affirmed.

Plaintiff's present employment discrimination suit under 42 U.S.C. § 1981 was filed on April 12, 1979, more than five years after his discharge on October 20, 1972. [There being no federal statute of limitations for § 1981 cases or Title VII cases, the Illinois five year statute applies. *Teague v. Caterpillar Tractor Co.*, 566 F.2d 7 (7th Cir. 1977)]. A previous suit charging violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, was filed on January 9, 1978, more than 180 days after the date of the alleged violation as required by 42 U.S.C. § 2000e–5(f)(1). This case was voluntarily dismissed by plaintiff on March 8, 1978. He now contends that the § 1981 action is identical with the voluntarily dismissed Title VII action, and therefore may be resurrected by virtue of § 24 of the Illinois statute of limitations (83 S.H.A. § 24a) which provides that "if . . . the action is voluntarily dismissed by the plaintiff . . . then . . . the plaintiff . . . may commence a new action within one year . . . ."

The Illinois statute (§ 24a) permits refiling of a voluntarily dismissed action within a year "whether or not the time limitation for bringing such action expires during the pendency of such suit." This means that if the time limit expires during the pendency of the suit the plaintiff shall nevertheless be permitted to commence the action within one year from the date of voluntary dismissal; and that if the original time limit did not expire during the pendency of the suit, the plaintiff may bring the action "within the remaining period of limitation" originally available.

But if the limit does not expire during pendency of the dismissed action, but expired before that action was ever filed, § 24a does not benefit the plaintiff. This construction of the section, plainly indicated by its wording, has been clearly adopted by

---

* Senior District Judge Edward Dumbauld of the Western District of Pennsylvania is sitting by designation.

the Illinois Courts. *Walters v. City of Otta-wa*, 175 Ill.App. 130, 135 (1912); *Meyer v. Dimas*, 3 Ill.App.2d 117, 120 N.E.2d 571 (1954); *Bavel v. Cavaness*, 12 Ill.App.3rd 633, 637, 299 N.E.2d 435 (1973).

Moreover, the Supreme Court in *Johnson v. Ry. Express*, 421 U.S. 454, 461, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), held that the § 1981 suit and the Title VII suit are separate actions. Even if the contrary view were taken, a § 1981 action filed on January 9, 1978, when the Title VII action was filed, would have been barred by the five-year statute of limitations, and hence could not have been preserved by voluntary dismissal and revival under § 24a.

Accordingly, the Clerk of this Court is directed to enter judgment of affirmance.